IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3255-FL

| | | |
|---|---|---|
| DANIEL H. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC HOLDER and SYLVIA MATTHEWS BURWELL, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on defendants' motion to dismiss, or in the alternative, for summary judgment[1] (DE 11). Also before the court is plaintiff's motion for entry of default (DE 13). Plaintiff responded to defendants' motion, but defendants did not respond to plaintiff's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion and denies plaintiff's motion.

**STATEMENT OF THE CASE**

On January 19, 2010, the government filed a certification of plaintiff as a sexually dangerous person pursuant to 18 U.S.C. § 4248(a) while plaintiff was serving a 12 to 36 year term of imprisonment for his conviction for armed kidnaping in the District of Columbia Superior Court. See United States of America v. King, 5:10-HC-2009-FL (E.D.N.C. Sept. 25, 2012). Title 18 U.S.C. § 4248 was enacted in July 2006 as part of the Adam Walsh Child Protection and Safety Act and

---

[1] Because defendants attached documents which are outside of the pleadings, the court construes defendants' motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

provides for the civil commitment of "sexually dangerous person[s]" in federal custody for care and treatment, following the expiration of their federal prison sentences. 18 U.S.C. § 4248(a); see also Timms v. Johns, 627 F.3d 525, 526 (4th Cir. 2010).

The court referred plaintiff's action to United States Magistrate Judge James E. Gates for an evidentiary hearing and memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See United States of America v. King, 5:10-HC-2009-FL (E.D.N.C. Sept. 25, 2012). After conducting an evidentiary hearing, the magistrate judge determined that plaintiff was a sexually dangerous person as defined by the Adam Walsh Act, and recommended that he be civilly committed pursuant to 18 U.S.C. § 4248(d). (Id.) On September 25, 2012, the court adopted the magistrate judge's recommendation, finding plaintiff to be a sexually dangerous person and committed him pursuant to 18 U.S.C. § 4248. See (id.) Then, on September 16, 2013, the court of appeals affirmed this court's judgment civilly committing plaintiff. United States v. King, 539 F. App'x 235 (4th Cir. 2013).

On December 10, 2013, Federal Bureau of Prisons' ("BOP") clinical social worker Todd A. Cesar contacted the Commonwealth of Virginia's Mental Health Facility Operations Specialist William O'Bier requesting that the state assume responsibility for plaintiff's custody, care, and treatment pursuant to 18 U.S.C. § 4248(d). (Def.s' Mem. Ex. 1.) On March 12, 2014, the Commonwealth of Virginia denied the request. (Id. Ex. 2.)

On October 1, 2014, plaintiff filed the instant *pro se* action pursuant to Bivens against defendants United States Attorney General Eric Holder ("Holder") and Secretary of Health and Human Services Sylvia Matthews Burwell ("Burwell"). Plaintiff raised two claims. First, he alleged that defendant Holder violated 18 U.S.C. § 4248(d) "by not making every reasonable effort

2

to house, place or contract Plaintiff to the state, district domicile or [l]ocation where tried for care and treatment . . . ." Id. (Compl. p. 3.) King asserted that Holder has "placed Plaintiff in a federal [p]rison in [l]ieu of a suitable facility and appropriate treatment as is required by the U.S. Code." (Id.) Second, plaintiff alleged that defendants Holder and Burwell failed to comply with 18 U.S.C. § 4247(i)(D) because they did "not consult[] . . . to determine appropriate programing [and] suitable facilities." (Id. p. 4.) The court allowed plaintiff to proceed with his claims.

On May 8, 2015, the BOP sent a second letter to the Commonwealth of Virginia's Mental Health and Facility Operations Specialist asking that the State assume responsibility for plaintiff's custody, care, and treatment. (Def.s' Mem. Ex. 3.) The Commonwealth of Virginia again declined to assume responsibility for plaintiff. (Id. Ex. 4.)

On July 30, 2015, defendants filed a motion for summary judgment pursuant to Rule 56, arguing that plaintiff's action should be dismissed for the following six reasons: (1) plaintiff lacks standing; (2) plaintiff fails to allege any facts against defendants Holder and Burwell; (3) sovereign immunity protects Holder and Burwell from suit in their official capacities; (4) qualified immunity shields Holder and Burwell from suit in their individual capacities; (5) plaintiff's claims are not cognizable under Bivens; and (6) defendant Holder complied with 18 U.S.C. § 4248(d). The motion was fully briefed. Plaintiff subsequently filed a motion for entry of default. Defendants did not respond to plaintiff's motion.

**DISCUSSION**

A.   Motion for Entry of Default

Defendants' answers were due on August 2, 2015. On July 30, 2015, defendants timely filed a motion to dismiss, or in the alternative, for summary judgment. Defendants have made consistent

3

efforts, including filing a motion for summary judgment, to defend this action. See Johnson v. Warner, 7:05–CV–219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009) ("[S]trong public policy favors resolving disputes on the merits and not by default judgment") (internal quotations and citation omitted); Rashidi v. Albright, 818 F. Supp. 1354, 1355–56 (D . Nev. 1993) (finding a motion for summary judgment sufficient to satisfy the "otherwise defend" requirement under Rule 55 because it "speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action"), aff'd, 39 F.3d 1188 (9th Cir. 1994). Thus, the court DENIES plaintiff's motion for entry of default.

B.   Motion for Summary Judgment

   1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.   Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established

4

statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court first determines whether plaintiff has demonstrated a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

A civil detainee's challenge to conditions of confinement arises under the Fifth Amendment's Due Process Clause. See Hicks v. James, 255 F. App'x 744, 748 (4th Cir. 2007). The Fifth Amendment generally prohibits civilly committed persons from being subjected to punitive confinement conditions. See Youngberg v. Romeo, 457 U.S. 307, 321-322 (1982); Bell v. Wolfish, 441 U.S. 520, 535-536 (1979). To establish a conditions of confinement claim pursuant to the Fifth Amendment, a civil detainee must show either (1) an expressed intent to punish; or (2) lack of a reasonable relationship to a legitimate non-punitive governmental objective, from which a punitive intent may be inferred. Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).

Plaintiff's claims asserting failure to comply with 18 U.S.C. §§ 4247(i)(D) and 4248(d) are not cognizable in a Bivens action. In both of his claims, plaintiff requests that the court determine whether defendants have complied with statutory obligations in plaintiff's civil commitment action. Such claims are cognizable, if at all, in plaintiff's civil commitment action. See, e.g., United States v. Wigren, 641 F.3d 944, 946–47 (8th Cir. 2011); United States v. Ecker, 489 F. Supp. 2d 130, 136–37 (D. Mass. 2007) (addressing in the petitioner's commitment proceedings the issue of whether the attorney general complied with 18 U.S.C. § 4246(d), which requires the attorney general

5

to make arrangements with the state to take custody); see also, Johnson v. Holder, No. 5:13-CT-3232-BO, 2015 WL 1000339, at *2 (E.D.N.C. Mar. 6, 2015) (finding that the plaintiff did not have standing to assert due process claim that the Secretary of Health and Human Services "failed to consult with the Attorney General on the provisions within the Adams Walsh Act").

Alternatively, plaintiff is unable to establish a due process violation premised upon defendant Holder's alleged failure to comply with § 4248(d). Section 4248(d) states that upon a finding that a person is a "sexually dangerous person," the "court shall commit the person to the custody of the attorney general." 18 U.S.C. § 4248. The section further provides that the attorney general shall release the committee to the custody of the state where the committee is domiciled or was tried if "such State will assume responsibility for his custody, care, and treatment." Id. Finally, the statute states that the attorney general "shall make all reasonable efforts to cause such State to assume such responsibility." (Id.)

In this case, the record reflects that the BOP twice has contacted the Commonwealth of Virginia requesting that it assume responsibility for plaintiff in accordance with § 4248(d). (Def.s' Mem. Exs. 1, 3.) The Commonwealth of Virginia refused on both occasions. (Id. Ex. 2, 4.) Although § 4248(d) sets forth that the attorney general must make "reasonable efforts" to cause the state to assume responsibility for the committee's custody, care, and treatment, it does not require that the attorney general repeatedly plead with state officials to assume responsibility for a committee. See United States v. Shields, 522 F. Supp. 2d 317, 328 (D. Mass. 2007) ("Both Sections 4246 and 4248 explicitly state a preference that a State assume responsibility for the "custody, care, and treatment" of individuals requiring commitment. 18 U.S.C. § 4246(d); 18 U.S.C. § 4248(d). That Section 4248 does not demand that the Attorney General contact a State at the outset of the

6

certification process and does not require the Attorney General to plead repeatedly with a State to assume responsibility is simply not enough to render Section 4248 unconstitutional."). Based upon the foregoing, plaintiff cannot establish a constitutional violation.

To the extent plaintiff asserts that his confinement in a prison violates his due process rights, this claim fails. Placement of a civil detainee "in a prison, subject to the institution's usual rules of conduct," does not per se signify punishment. Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003). "Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause, . . . and this regardless of whether the confinement is criminal or civil." Miller v. Dobier, 634 F.3d 412, 414–15 (7th Cir. 2011) (citation omitted). "Put another way, unless the deprivation of liberty is in some way extreme, then the Constitution does not require that a prisoner be afforded any process at all prior to deprivations beyond that incident to normal prison life." Deavers v. Santiago, 243 F. App'x 719, 721 (3d Cir. 2007) (emphasis omitted).

Plaintiff, in this case, failed to allege that he was subjected to sanctions which dramatically worsened the terms of his confinement. See Strutton v. Meade, 668 F.3d 549, 558 (8th Cir. 2012); Francis v. Johns, No. 5:11–CT–3005–FL, 2013 WL 1309285, at *4–5 (E.D.N.C. Mar. 28, 2013). Thus, plaintiff's claim fails.

Finally, plaintiff failed to allege how defendants' conduct in connection with either of his claims amounts to punishment for the purposes of the Due Process Clause. As a result, even if plaintiff's claims were cognizable, he fails to allege a due process violation. See Youngberg, 457 U.S. at 321-322; see also, Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Because plaintiff

7

failed to establish a constitutional violation, defendants, alternatively, are entitled to qualified immunity for plaintiff's claims.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default (DE 13) is DENIED. Defendants' motion for summary judgment (DE 11) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 28th day of January, 2016.

LOUISE W. FLANAGAN
United States District Judge